UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21599-CIV-COHN/SELTZER

DENISE FIORILLO,

    Plaintiffs,

vs.

CARNIVAL CORPORATION, a Panamanian
corporation d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Partial Summary Judgment on Punitive Damages [DE 56] ("Defendant's Motion") and Plaintiff's Motion for Partial Summary Judgment as to Liability for Compensatory Damages [DE 57] ("Plaintiff's Motion") (collectively "Motions"). The Court has carefully reviewed the Motions, Plaintiff's Response to Defendant's Motion for Partial Summary Judgment on Punitive Damages [DE 68] ("Plaintiff's Response"), Defendant's Reply in Support of Motion for Partial Summary Judgment on Punitive Damages [DE 71], Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment [DE 66] ("Defendant's Response"), notes the lack of reply to Plaintiff's Motion by the deadline of February 11, 2013, all of the parties' submissions, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Denise Fiorillo ("Plaintiff") was a passenger on the Carnival Conquest during a cruise from January 1, 2012 through January 8, 2012. Defendant's Motion at 2

¶ 1.  Plaintiff was accompanied on the cruise by her mother, daughter, husband, and some friends.  Id.  On January 5, 2012, Plaintiff and her mother ordered room service in her mother's cabin.  Id. at 2 ¶ 2.  After her mother left the cabin, Plaintiff contends that she fell asleep on the bed.  Id.  The next thing Plaintiff remembers is awakening to Curly Bennett, a cabin steward, placing his hand between her legs and touching her genitals underneath her skirt.  Id. at 2 ¶ 3.  Shipboard security investigated Plaintiff's claim.  Id. at 2 ¶ 4.  Mr. Bennett has denied that he touched Plaintiff.  Id. at 3 ¶ 5.  He claims only that he entered the cabin to remove the room service trays and then exited the cabin.  Id.

Plaintiff brings claims against Defendant for strict liability (Count I) and negligence (Count II).  Amended Complaint [DE 24].[1]  Defendant has moved for partial summary judgment on the issue of punitive damages.  Plaintiff has moved for partial summary judgment on the issue of liability.

## II. DISCUSSION

### A. Legal Standard.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v.

---

[1] The Court previously dismissed a third claim for a violation of 46 U.S.C. §3507 (Count III).  See DE 34.

2

Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

### B. Defendant's are Entitled to Partial Summary Judgment on the Issue of Punitive Damages.

Defendant moves for partial summary judgment on Plaintiff's claims for punitive damages.  Defendant's Motion at 1.  Defendant contends that punitive damages are not warranted on Plaintiff's claim for strict liability because "Plaintiff's attempt to impose punitive damages upon Carnival for the alleged intentional tort of its employee thus ignores the express objective of punitive damages: to punish those that committed the

3

wrongful act." Id. at 5.  Defendant further contends that it cannot be held liable for punitive damages on the strict liability claim because "there is no record evidence of any knowledge or ratification of Bennett's alleged misconduct by Carnival or of any prior similar misconduct by Bennett known to Carnival." Id. at 6.  Defendant also argues that punitive damages are inappropriate for Plaintiff's negligence claim.  Id. at 7.  According to Defendant, "[t]he record is devoid of any evidence demonstrating that Carnival acted recklessly or in a willful or wanton manner, sufficient to sustain an award of punitive damages." Id.  Plaintiff opposes Defendant's Motion, arguing that "discovery with regard to these issues is incomplete."  Plaintiff's Response at 1.  Plaintiff contends that "[s]ince Mr. Bennett has yet to be deposed . . . and the parties have only brief statements and declarations from him, the Plaintiff cannot anticipate the precise content of his testimony." Id. at 2-3.

In admiralty law, "punitive damages are generally available in personal injury actions arising under the Court's maritime jurisdiction when the defendant engaged in wanton, willful or outrageous conduct—the level of culpable conduct necessary to obtain punitive damages at common law." Doe v. Royal Caribbean Cruises, Ltd., No. 11-23323-CIV, 2012 WL 920675, at * 4 (S.D. Fla. Mar. 19, 2012).  Here, Defendant has moved for partial summary judgment on Plaintiff's demand for punitive damages, pointing out an absence of record evidence that Defendant engaged in wanton, willful or outrageous conduct.  In response, Plaintiff has merely averred that she is unable to respond to Defendant's Motion because discovery is not complete on these issues.  Plaintiff's Response at 1.  The Court strongly disagrees.

The deadlines for fact and expert discovery in this case were initially November

2, 2012 and November 16, 2012, respectively. See DE 17. On October 4, 2012, the Court granted Plaintiff's unopposed motion to extend the deadlines for discovery and other scheduling order deadlines. See DE 36. Accordingly, the Court set a deadline of December 3, 2012, to complete fact discovery and December 17, 2012, to complete expert discovery. See id. Although the Court permitted Defendant to depose Mr. Bennett after the discovery deadline, the purpose of this deposition was to preserve Mr. Bennett's testimony for trial. See DE 55. Thus, Plaintiff's reliance on this deposition as a potential basis of support for her punitive damages claims is misplaced.[2]

      Plaintiff cites Federal Rule of Civil Procedure 56(d) for the proposition that summary judgment is improper because Mr. Bennett's testimony was unavailable to her at the time she filed her response. Federal Rule of Civil Procedure 56(d) provides that the nonmovant must "show[ ] by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Here, because Plaintiff has failed to file the necessary affidavit or declaration, she cannot rely on Rule 56(d) as a reason to avoid the entry of summary judgment. See Ashmore v. Sec'y, Dep't of Transp., No. 12-10515, 2013 WL 28433, at * 2 (11th Cir. Jan. 3, 2013) ("As to Rule 56(d), Ashmore did not attach the affidavit or declaration required by the Rule, and, without such, the district court was not required to grant Ashmore's motion."). Notwithstanding Plaintiff's failure to comply with the requirements of Rule 56(d), Plaintiff has not presented any rationale why, if she required testimony from Mr. Bennett to

---

[2] Indeed, Plaintiff filed a motion for a protective order seeking to prevent the deposition from taking place. See DE 50. In the motion, Plaintiff explicitly noted that the Court's deadline for discovery had passed and that the Court had indicated that there would be no further extensions. See id. at 2. Thus, Plaintiff's reliance upon this deposition as a basis to deny Defendant's Motion is both inconsistent and puzzling.

establish her punitive damages claims, she did not herself notice the deposition before the December 3, 2012 fact discovery deadline.[3]  See Cordero v. Readiness Mgmt. Support, L.C., No. 6:11-cv-1692-Orl-19DAB, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012) ("Additionally, a party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery.").  Accordingly, because Plaintiff has effectively conceded that she lacks evidence to substantiate her punitive damages claims–evidence which she could and should have obtained prior to the expiration of the fact discovery deadline–the Court will grant Defendant's Motion.

### C. Disputed Issues of Material Fact Preclude Partial Summary Judgment on Liability.

Plaintiff has moved for partial summary judgment on the issue of Defendant's liability for compensatory damages.  Plaintiff's Motion at 1.  Plaintiff contends that she is entitled to partial summary judgment on the issue of liability because "[t]he unrebutted and corroborated record evidence is that unwanted sexual contact occurred, that the perpetrator Curly Bennett was a crewmember of the Defendant at the time of the incident, and that the sexual contact was intentional on Mr. Bennett's part."  Id. at 7.  Defendant disagrees, arguing that Plaintiff is not entitled to partial summary judgment because "Bennett, the only other individual present in the cabin when Plaintiff claims the alleged incident occurred, has consistently denied Plaintiff's allegations."  Defendant's Response at 2.  The Court agrees and will deny Plaintiff's Motion.

---

[3]  Instead, as noted, Plaintiff vigorously opposed the deposition, seeking a protective order to prevent it from taking place.

Plaintiff is correct that common carriers are strictly liable for assaults their employees commit against passengers. Plaintiff's Motion at 5 (citing Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 905 (11th Cir. 2004)). In this case, however, Plaintiff is not entitled to partial summary judgment because whether a crewmember committed a sexual assault against Plaintiff is disputed. It is axiomatic that on summary judgment, the Court may not weigh the credibility of the parties. See Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987). If the resolution of the case depends upon which competing version of the facts or events is true, the case should be presented to the trier of fact. Id. Here, the only witnesses to the alleged assault, the Plaintiff and the purported perpetrator, Curly Bennett, have given conflicting accounts of what happened. See Defendant's Response at 5. While Plaintiff contends that Mr. Bennett inappropriately touched her, Mr. Bennett denies that he ever touched Plaintiff and claims that he only entered Plaintiff's room to remove room service trays. See Declaration of Curly Bennett [DE 66-2] ¶¶ 4-6.[4] Accordingly, the Court will deny Plaintiff's Motion and allow the case to proceed to the jury.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Partial Summary Judgment on Punitive Damages [DE 56]

---

[4] In addition to her own testimony regarding the assault, Plaintiff contends that Mr. Bennett "exhibited a consciousness of guilt" by telling Komang Virgantara, an assistant cabin steward, that "he had a 'problem.'" See Plaintiff's Motion at 6. However, as Defendant points out, an equally plausible explanation for this statement is that Mr. Bennett was referring to Plaintiff falsely accusing him of assault. See Defendant's Response at 7. Moreover, the mere fact that Mr. Bennett entered Plaintiff's cabin does not support that he assaulted her. See Plaintiff's Motion at 7. A jury could believe that Mr. Bennett's explanation that he only removed room service trays from the cabin, albeit in violation of Defendant's housekeeping policy, and did not assault Plaintiff.

       is **GRANTED**;

2.     Plaintiff's claims for punitive damages are hereby **DISMISSED**; and

3.     Plaintiff's Motion for Partial Summary Judgment as to Liability for Compensatory Damages [DE 57] is **DENIED**.

       **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of February, 2013.

                                                            JAMES I. COHN
                                                        United States District Judge

Copies provided to counsel of record via CM/ECF.